| | |
|---|---|
| THE UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>IVEY ROOFING, INC., )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Use Plaintiff, )<br>　　　　　　　　　　　　　　　　　　)<br>and )<br>　　　　　　　　　　　　　　　　　　)<br>IVEY ROOFING, INC. )<br>P.O. Box 1168 )<br>Lebanon, MO 65536 )<br>　　　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　　　)<br>THE OHIO CASUALTY INSURANCE )<br>COMPANY )<br>62 Maple Avenue )<br>Keene, New Hampshire 03431 )<br>**Serve:** The Ohio Casualty Insurance Company )<br>c/o Registered Agent )<br>CSC – Lawyers Incorporating Service Company )<br>221 Bolivar Street )<br>Jefferson City, MO 65101 )<br>　　　　　　　　　　　　　　　　　　)<br>and )<br>　　　　　　　　　　　　　　　　　　)<br>OKE-THOMAS + ASSOCIATES, INC. )<br>A Missouri Corporation )<br>Principal Place of Business: )<br>1972 East Chestnut Expressway )<br>Springfield, MO 65802 )<br>**Serve:** REGISTERED AGENT: )<br>John Oke-Thomas )<br>1972 East Chestnut Expressway )<br>Springfield, MO 65802 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants. ) | NO._____ |

## **COMPLAINT**

COMES NOW, The United States of America, for the use and benefit of Ivey Roofing, Inc., ("Use Plaintiff"), and Ivey Roofing, Inc. ("Plaintiff") by and through its counsel, Troppito

Miller Griffin, LLC, and for its Complaint against The Ohio Casualty Insurance Company and Oke-Thomas + Associates, Inc., states as follows:

## JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has supplemental jurisdiction over the state law breach of contract and Prompt Payment Act claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

2. The construction project on which the sums are owed was for construction work on Task Order #11, Replace Standing Seam Metal Roof on Building 1300 of the Davidson Fitness Center located in Fort Leonard Wood, Pulaski County, Missouri (the "Project"). Venue, therefore, lies in the United States District Court for the Western District of Missouri, pursuant to 40 U.S.C. § 3133(b)(3)(B), since it has geographical jurisdiction over the site of the construction project in issue.

## PARTIES

3. Ivey Roofing, Inc. ("Ivey") is a Missouri corporation with its principal place of business located in Lebanon, Missouri.

4. Defendant The Ohio Casualty Insurance Company ("Ohio Casualty") is an Ohio insurance corporation with its principal place of business at 62 Maple Avenue, Keene New Hampshire 03431. Said Ohio Casualty is engaged in the writing of and is licensed to write miscellaneous types of insurance including surety bonds within the State of Missouri. Ohio Casualty may be served through its registered agent as set forth above.

5. Defendant Oke-Thomas + Associates, Inc. ("Oke-Thomas") is a Missouri corporation with

its principal place of business at 1972 East Chestnut Expressway, Springfield, MO 65802. Said Oke-Thomas is engaged in general construction in the State of Missouri. Oke-Thomas may be served through its registered agent John Oke-Thomas, 1972 East Chestnut Expressway, Springfield, MO 65802.

## STATEMENT OF FACTS

6. Upon information and belief, Oke-Thomas contracted with the United States of America, administered by the United States Army ("Army"), to perform work on Building 1300 of the Davidson Fitness Center located in Fort Leonard Wood, Pulaski County, Missouri pursuant to a written contract.

7. On or about November 2, 2015, and in connection with the Project, Oke-Thomas, as principal, and Ohio Casualty, as surety, executed and delivered to the USA, a payment bond as required by the Miller Act, 40 U.S.C. § 3131(b)(2), for the protection of all persons, including Ivey, supplying labor and material in carrying out the work on the Project (the "Bond"). *A copy of the Bond is attached hereto and marked as Exhibit "1" and is incorporated by reference herein as if fully set forth.*

8. Under the terms of the Bond, Oke-Thomas, as principal, and Ohio Casualty, as surety, bound themselves jointly and severally for payment up to the Penal Sum of the bond,$2,305,168.00, in the event that Oke-Thomas, as principal, did not make prompt payment to all persons having a direct relationship with Oke-Thomas, or a subcontractor of Oke-Thomas, for labor and/or materials provided by those persons in the prosecution of the work on the Project.

9. Ivey originally entered a sub-contract agreement with Oke-Thomas ("Master Agreement") on January 21, 2014, that was to govern the relationship between Ivey and Oke-Thomas on several different projects. *A copy of the Master Agreement is attached hereto and marked as*

*Exhibit "2" and is incorporated by reference herein as if fully set forth.*

10. Pursuant to the Master Agreement, Oke-Thomas issued Ivey a request ("Notice to Proceed") for Ivey to provide certain labor, materials, and equipment for the Project.

11. Upon issuance of the Notice to Proceed, Oke-Thomas also sent Ivey a Subcontract Agreement seeking to modify the Master Agreement.

12. On January 15, 2016, Ivey expressly rejected the Oke-Thomas Subcontract Agreement, and informed Oke-Thomas that it would proceed on the Project under the terms of the Master Agreement. *A copy of Ivey's e-mail is attached hereto and marked as Exhibit "3" and incorporated by reference herein as if fully set forth.*

13. Ivey performed the work required of it pursuant to the Master Agreement and Oke-Thomas' Notice to Proceed.

14. The total unpaid value of the labor, services, equipment, materials, supplies and/or incidentals furnished by Ivey for work under the Master Agreement and Oke-Thomas' Notice to Proceed is the sum of $123,694.12.

15. Of the $123,694.12 due to Ivey, pursuant to the terms of the Master Agreement, Ivey agrees that liquidated damages in the amount of $7,600.00 should be assessed against Ivey on the Project, leaving a balance due and owing of $116,094.12.

16. Ivey completed its work on the Project under the Master Agreement and Oke-Thomas' Notice to Proceed on September 24, 2016.

17. On February 3, 2017, Ivey served by certified mail a notice of claim against the bond to the surety, as required by law, to date both the surety and Oke-Thomas have failed and refused to pay the amounts due Ivey on the Project.

**COUNT I – MILLER ACT PAYMENT BOND**

**COMES NOW** the United States of America for the use and benefit of Ivey, and for Count I of this Complaint herein against Ohio Casualty and Oke-Thomas and states:

18. Ivey incorporates by reference the allegations and averments contained in paragraphs 1 through 17, inclusive, as hereinabove written, as if fully set forth herein**.**

19. Ivey provided labor, services, equipment, materials, supplies, and/or incidentals in its prosecution of its work on the Project.

20. Ivey has made demand for all sums due to it for its work provided on the Project.

21. Despite Ivey's demand for payment in full, both Ohio Casualty and Oke-Thomas have failed and refused to pay Ivey all sums due to it; therefore, as surety, Ohio Casualty is obligated, pursuant to the Bond, to pay Ivey for the labor, services, equipment, materials, supplies and/or incidentals furnished by Ivey in its prosecution of the work pursuant to the Master Agreement and Oke-Thomas' Notice to Proceed and for which Oke-Thomas failed to make payment.

22. Ivey has been damaged and is entitled to payment from Ohio Casualty and Oke-Thomas pursuant to the Miller Act, 40 U.S.C. § 3133, of the sum of $116,094.12, which is due Ivey but not paid.

**WHEREFORE**, The United States of America, on behalf of and for the use and benefit of Ivey Roofing, Inc., prays that this Court enter judgment jointly and severally against the defendants The Ohio Casualty Insurance Company and Oke-Thomas + Associates, Inc. in the amount of $116,094.12 with pre- and post-judgment interest, for the costs of this action including reasonable attorneys' fees and for all other just and proper relief as the Court may deem appropriate.

# COUNT II: BREACH OF CONTRACT

**COMES NOW** Plaintiff Ivey and for Count II of its Complaint herein against Oke-Thomas states:

23. Ivey incorporates by reference the allegations and averments contained in paragraphs 1 through 22, inclusive, as written hereinabove, as if fully set forth herein.

24. Ivey has performed all of its obligations under the Master Agreement and Oke-Thomas' Notice to Proceed on the Project.

25. Oke-Thomas breached its Master Agreement with Ivey by failing to pay Oke-Thomas the agreed upon sums for the materials and labor furnished by Ivey directly to Oke-Thomas, at the specific request of Oke-Thomas, for the Project pursuant to the terms of the Master Agreement.

26. After all deductions, Ivey is owed a balance of $116,094.12.

27. Ivey has been damaged by Oke-Thomas' failure to pay Ivey in full, which constitutes a breach of the Contract.

28. As the sums are due and have been liquidated from January 23, 2017, Ivey is entitled to interests thereon at the statutory rate of 9.0% per annum.

29. By reason of the aforestated allegations, Ivey is entitled to judgment against Oke-Thomas in the sum of $116,094.12 plus statutory pre-judgment interest at the rate of 9.0% per annum which is to accumulate from and after the date of January 23, 2017.

30. The Master Agreement, paragraph 4 sets forth that the prevailing party to any dispute arising from the Master Agreement is entitled to reasonable attorneys' fees, costs and expenses.

**WHEREFORE** Ivey Roofing, Inc. prays this Court grant judgment against Defendant Oke-Thomas + Associates, Inc. for the principal balance of $116,094.12, together with interest

thereon at the rate of 9.0% per annum from and after January 23, 2017, for its attorneys' fees, costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III: MISSOURI PROMPT PAYMENT ACT CLAIM

**COMES NOW** Plaintiff Ivey and for Count III of its Complaint herein against Oke-Thomas states:

31. Ivey incorporates by reference the allegations and averments contained in paragraphs 1 through 29, inclusive, as hereinabove written, as if fully set forth herein.
32. Oke-Thomas failed to make payment to Ivey despite receipt of payment from the Owner of the Project.
33. Ivey has made demand upon Oke-Thomas for payment for labor, materials, equipment and supplies provided to the Project by Ivey.
34. Oke-Thomas' failure to pay Ivey in a timely manner and withholding of payment to Ivey is in bad faith.
35. Pursuant to R.S.Mo. § 34.057, Oke-Thomas was required by law to make payment within 15 days of receiving payment from the Owner of the Project.
36. Because of Oke-Thomas' failure to pay within 15 days of receiving payment from the Owner, Oke-Thomas is liable to Ivey under R.S.Mo. § 34.057 for interest at the rate of 1.5% per month and the reasonable attorneys' fees incurred by Ivey in the prosecution of this suit.

**WHEREFORE**, Ivey Roofing, Inc. prays this Court grant judgment against Defendant Oke-Thomas + Associates, Inc. on this Count III in the principal sum of $116,094.12, together with interest calculated at the statutory rate of 1.5% per month from and after the 15th day after Oke-Thomas received payment from the Owner on the Project, for the costs of this suit including

attorneys' fees, and such other relief as this Court may deem just and proper in the premises.

Plaintiff requests that the trial take place at the United State District Court for the Western District of Missouri in Springfield, Missouri.

                                             **TROPPITO MILLER GRIFFIN, LLC**

                                             By: */s/ S. Owen Griffin*
                                             S. Owen Griffin       MO#51054
                                             Charles A. Martel    MO#69212
                                             105 East Fifth Street, Suite 500
                                             Kansas City, MO 64106
                                             Phone: 816.221.6006
                                             Fax:    816.221.6446
                                             sog@troppitomiller.com
                                             cam@troppitomiller.com
                                             **ATTORNEYS FOR PLAINTIFFS**
                                             **UNITED STATES OF AMERICA for the use and benefit of IVEY ROOFING, INC. and IVEY ROOFING, INC.**